11262

JENNINGS *ET AL.* v. HEYWARD *ET AL.*

(118 S. E., 289)

STATUTES—PROVISIONS OF FAIRFIELD COUNTY ROAD BOND ACT HELD NOT INCONSISTENT.—The provisions of Act March 8, 1923, § 1, authorizing Fairfield county to issue serial coupon road bonds maturing in annual installments, the first of which shall mature not more than 3 years after the date of issue, and the last not more than 30 years after that date, and providing that they shall run for not less than 20 nor more than 30 years, *held* not inconsistent so as to render the power and authority incapable of execution, as the latter provision merely prescribes the limit within which the entire issue shall not be made to mature and beyond which credit shall not be extended.

Original application for an injunction by J. M. Jennings and others against B. H. Heyward and others, as Highway Commissioners of Fairfield County, and others.

*Messrs. McDonald & McDonald,* for petitioners, cite: *Provisions as to maturity inconsistent:* 19 R. C. L., 994; 25 R. C. L., 1011; 28 L. R. A., 642; 148 U. S., 393. *Where Act is vague and uncertain it is void:* 25 R. C. L., 810; Ann. Cas. 1916-B, 586; 48 L. R. A., 265; 110 S. W., 1079; 91 N. C., 550; Ann. Cas., 1916-D, 159; 116 U. S., 307; 12 A. S. R., 663.

*Mr. G. W. Ragsdale,* for respondents, cites: *Serial coupon bonds authorized:* Acts 1920, 1053–4; 19 Stats., 556; 19 Stats., 572. *Conflicting provisions in Act:* 36 Cyc., 1130.

*Mr. W. D. Douglas,* for respondents, cites: *Where portions of Act are inconsistent:* 67 S. C., 312; 46 S. E., 22; 44 L. R. A., 716; 53 Okla., 530; 19 L. R. A., 201; 50 L. R. A., 209; 182 U. S., 499; 18 L. R. A., 729; 154 U. S., 430; 36 L. R. A., 59.

June 29, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a petition in the original jurisdiction of this Court for an injunction to restrain the respondents, the fiscal agents of Fairfield County, from issuing road bonds to the amount of $500,000.00, authorized by Act of March 8, 1923.

The doubt which we are called upon to resolve as to the power and authority of said fiscal agents to issue the bonds and their consequent validity arises from certain provisions of Section 1 of said Act which the petitioners allege are so inconsistent as to render the power and authority incapable of execution.

In the early part of this section is the following provision:

"The said bonds shall be serial coupon bonds, maturing in annual series or installments, consisting of one or more bonds in each series, the first of which series shall become due and payable not more than three years after the date of issue of said bonds, and the last not more than thirty years after said date."

In the latter part of the section, after regulating the rate of interest, the maturity of interest, and exemption from taxation, is this provision:

"They shall run for not less than twenty nor more than thirty years."

The respondents propose to issue and sell the bonds provided for in said Act, to wit: $500,000.00 of coupon bonds of said County, dated April 1, 1923, each in denomination of $1,000.00, and bearing interest from date at 5 per cent. per annum, payable semiannually, and the principal made payable as follows: $10,000.00, annually, in each of the years 1926, 1927, 1928, 1929, 1930, 1931, 1932, 1933, 1934, and 1935; $20,000, annually, in each of the years 1936, 1937, 1938, 1939, 1940, 1941, 1942, 1943, 1944, and 1945; and $25,000.00, annually, in each of the years 1946, 1947, 1948,

1949, 1950, 1951, 1952, 1953, with the right of redemption after 1943.

Unquestionably such issue is within the power conferred by that portion of the section first quoted above. The petitioners contend that it is inconsistent with the limitation imposed by that portion of the section last quoted.

In view of the clear provision for serial bonds, the first installment or series of which shall become due and payable not more than three years after the date of issue of the bonds, the later provision quoted should not be allowed to annihilate the earlier, unless such an interpretation is demanded as irreconcilable with it.

The later provision was intended to prescribe a limit of time, within which the entire issue should not be made to mature and beyond which the credit should not be extended.

Construing the two provisions *pari passu,* the plain intention of the General Assembly was that the bonds should be issued serially, maturing in annual installments; one or more bonds might constitute a series; the first series should not mature at a date later than 3 years from the date of issue of the bonds, the last series at a date later than ·30 years from the date of issue of the bonds; and that the entire issue should not mature in less than 20 nor more than 30 years.

Without this limitation the fiscal agents could have issued serial bonds all maturing within a shorter period than 20 years or within a longer period than 30 years.

The proposed issue being within the power and authority conferred by the Act, the application for an injunction is refused.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.